UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIMBERLY A. WINKLER
n/k/a
KIMBERLY WINKLER DELANEY
      Plaintiff

vs.                  Case No.

CACH, LLC
AND
LAW OFFICE OF HAROLD E. SCHERR, P.A.
AND
GARY RIDGE, INDIVIDUALLY
AND
JOHN DOE #1

      Defendants
_____/

**COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF**

Plaintiff, Kimberly A. Winkler, n/k/a Kimberly A. Winkler Delaney, "Delaney", sues the Defendants Cach, LLC and Law Offices of Harold E. Scherr, P.A., a Professional Association, "Scherr", Gary Ridge and John

-1-

Doe #1, Individually, and alleges:

## I. PRELIMINARY STATEMENT

1. This is an action brought pursuant to 15 U.S.C. sec. 1692, et. sequi, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and the Florida Consumer Collections Practices Act F.S. 559, ("FCCPA") which prohibits any person from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION AND VENUE

2. The jurisdiction of this Court arises under 15 U.S.C. sec. 1692k and 28 U.S.C. sec. 1337. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. 1367.

3. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

## III. ALLEGATIONS AS TO PARTIES

4. Plaintiff Kimberly A. Winkler, n/k/a Kimberly A. Winkler Delaney "Ms. Delaney", is sui juris and a resident of Hillsborough County in the Middle District of Florida.

5. Ms. Delaney is a consumer within the meaning of the FDCPA and the FCCPA.

6. The alleged debt is a consumer debt within the meaning of the FDCPA and the FCCPA.

7. The Defendant Law Offices of Harold E. Scherr, P.A. is a Florida Professional Association,"Scherr" doing business in the Middle District of Florida and is subject to and in one or more ways violated the FDCPA and FCCPA.

8. The Defendant Gary Ridge is an individual who resides in the Middle District of Florida, and is subject to and in one or more ways violated the FDCPA and FCCPA.

9. Cach, LLC is a foreign limited liability

company doing business in the Middle District of Florida with its principal address at 4340 S. Monaco Street, 2nd Floor, Denver, Colorado, 80237.

10. Defendant Gary Ridge is, or was, engaged in the collection of debts from consumers using the mail and telephone.

11. Defendant John Doe #1, whose true name is not currently known, but will be obtained through discovery, is or was engaged in the collection of debts from consumers using the mail and telephone. He or She created and/or approved of the collection policies of Gary Ridge and the Law Offices of Harold E. Scherr, P.A.

12. Defendant Law Offices of Harold E. Scherr, P.A. regularly attempted to collect consumer debts alleged to be due to another in the Middle District of Florida.

## IV.  FACTUAL ALLEGATIONS

13.  While living in Orange County, Florida, Ms. Delaney signed a contract and obtained a Bank of America credit card.

14.  Ms. Delaney moved to Seminole County, resided there for six months, then moved to Hillsborough county.

15.  In October, 2007 Ms. Delaney received a telephone call from Gary Ridge, a debt collector for "Scherr".

16. Ridge told Ms. Delaney that the law office had the debt and they would sue or garnish her wages if she did not pay them about $22,000.

17. When Ms. Delaney replied she could not come up with that amount, Ridge told her to ask family and friends for the money.

18. In the fall of 2007, Ms. Delaney was served with court papers at her Hillsborough

County home. The law suit was filed in Seminole County, Florida. Upon receipt of the court papers Delaney called, "Scherr" and asked to have it transferred to Hillsborough County because she could not defend it in Seminole County.

19. Despite knowing Delaney lived in Hillsborough County, and despite knowing Delaney had not signed the contract in Seminole County, Scherr refused the request to move the case to Hillsborough County and continued to pursue the matter in direct violation of 15 U.S.C. 1692i of the Federal Fair Debt Collection Practices Act in Seminole County, Florida.

20. When Cach LLC received the debt it did not inform Ms. Delaney that the debt had been assigned to Cach by the original creditor in direct violation of section 559.715 of the

Florida Consumer Collection Practices Act (FCCPA) and therefore was without authority to bring a law suit.

21. In the spring of 2008, Ms. Delaney was notified there would be a final hearing

22. Ms. Delaney represented herself pro se. She attended the hearing by telephone.

23. At the hearing, Ms. Delaney said she wanted to make payments on the debt. Cach, Scherr, Delaney and the judge agreed to hold off entering the judgment to allow Delaney to enter into a payment plan.

24. Negotiations were entered into but no agreement was ever reached between Cach, Scherr and Ms. Delaney at that time.

25. In the fall of 2009, Ms. Delaney was contacted again by Gary Ridge of Scherr. Ridge told Delaney she had to enter into a settlement

agreement or her wages would be garnished.

26. In December, 2009, Cach LLC garnished Ms. Delaney's wages.

27. Ms. Delaney filed a motion for exemption. The motion was apparently set for a hearing but Delaney was never notified and the motion was denied as she was not in attendance.

28. In late December, 2010 or early January, 2011, Ms. Delaney and Cach, LLC worked out an agreement which authorized Cach through its attorney Scherr to automatically deduct payments from Ms. Delaney's bank account in the amount of $1,634 a month.

29. One month later, Scherr, in violation of the agreement tried to take $8,200 out of Ms. Delaney's account instead of the agreed upon amount of $1634.00.

30. When confronted about their attempt to

take $8,200 Scherr said they thought she had enough money to pay that much and she had at one time said in a conversation with them that if she could pay the full amount she would like to do that.

31. On or about March 1, 2011, Scherr took out a payment of $1,634.00.

32. Ms. Delaney called Gary Ridge and told him personally that she would not be receiving her next paycheck until April 6 instead of March

33. She followed up the conversation by sending a confirming email to Ridge, which was not acknowledged by Ridge.

34. Scherr attempted to draw the money out on March 31 and the transaction was rejected, whereupon Ms. Delaney authorized the payment of $1,634 to be taken through her debit card.

35. In May 2011 Ms. Delaney e-mailed Gary

Ridge to tell him her next check would be direct deposited into her bank account on May 3.

36. Ms. Delaney called to check on the payment arrangement to be sure everything was all right and was told that their records show her in default because of multiple returned checks and they were going to again garnish her wages.

37. Emotionally distraught and on the verge of a mental breakdown, Ms. Delaney went to her parents for help. Ridge was called. Ridge told Ms. Delaney the only way to stop the garnishment would be to pay them $14,000.00 in full settlement.

38. Despite there only being approximately $3,268 left on the debt Delaney's father agreed to send Scherr the $14,000 by overnight check and did in order to prevent the garnishment.

39. Scherr also took an additional $1,640 from Ms. Delaney's bank account, stating the $14,000 was in addition to the $1,634 payment. At this time she actually had only $3,268.00 left on the agreement.

40. Despite the payments made, garnishment papers arrived at Ms. Delaney's place of employment and she was called in by her employer to discuss the matter.

41. Ms. Delaney asked for a satisfaction of judgment from Scherr and did not receive them until she drove to Orlando to Scherr's office to get the satisfaction in person.

### V. ALLEGATIONS OF LAW

42. At all times material hereto, Delaney was a "consumer" as said term is defined under 15 U.S.C. sec. 1692a(3) and Florida Statute 559.55(3).

43. At all times material hereto all the Defendants were subject to and violated the provisions of the FCCPA

and the FDCPA.

44. At all times material hereto, the debt allegedly owed by Delaney, was a "debt" as said term is defined under the FDCPA and the FCCPA.

45. John Doe #1, devised and/or approved the collection means used by Gary Ridge and Harold E. Scherr, P.A.

## COUNT 1

### CACH, LLC'S VIOLATION OF THE

### FLORIDA CONSUMER COLLECTIONS PRACTICES ACT

46. The acts of Cach, LLC included but are not limited to the violation of the following provisions of the FCCPA:

47. 559.72(7) by willfully engaging in conduct that could reasonably be expected to abuse or harass the debtor or any member of her or his family.

48. 559.72(9) by claiming, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

## COUNT 2

## CACH, LLC'S VIOLATION OF THE

## FEDERAL FAIR DEBT COLLECTIONS PRACTICES ACT

49. The acts of Cach, LLC included but are not limited to the violation of the following provisions of the FDCPA:

a. 15 U.S.C. 1692d by engaging in harassing or abusive conduct.

b. 15 U.S.C. 1692e by engaging in false or misleading representations.

c. 15 U.S.C. 1692f by using unfair practices or unconscionable means to collect or attempt to collect any debt.

d. 15 U.S.C. 1692i by bringing suit in Seminole County.

## COUNT 3

## LAW OFFICE OF HAROLD E. SCHERR P.A.'S VIOLATION OF THE

## FLORIDA CONSUMER COLLECTIONS PRACTICES ACT

50. The acts of Law Office of Harold E. Scherr, P.A. included but are not limited to the violation of the following provisions of the FCCPA:

a. 559.72(7) by willfully engaging in conduct that could reasonably be expected to abuse or harass the debtor or any member of her or his family.

b. 559.72(9) by claiming, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

## COUNT 4

## LAW OFFICE OF HAROLD E. SCHERR P.A.'S VIOLATION OF THE FEDERAL FAIR DEBT COLLECTIONS PRACTICES ACT

51. The acts of Harold E. Scherr P.A.'s violation of the Federal Fair Debt Collections Practices Act included but are not limited to the violation of the following provisions of the FDCPA:

a. 15 U.S.C. 1692d by engaging in harassing or abusive conduct.

b. 15 U.S.C. 1692e by engaging in false or misleading representations.

c. 15 U.S.C. 1692f by using unfair practices or

unconscionable means to collect or attempt to collect any debt.

    d.   15 U.S.C. 1692i by bringing suit in Seminole County.

## COUNT 5

### GARY RIDGE'S VIOLATION OF THE

### FLORIDA CONSUMER COLLECTIONS PRACTICES ACT

52. The acts of Gary Ridge included but are not limited to the violation of the following provisions of the FCCPA:

a. 559.72(7) by willfully engaging in conduct that could reasonably be expected to abuse or harass the debtor or any member of her or his family.

b. 559.72(9) by claiming, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

## COUNT 6

### GARY RIDGE'S VIOLATION OF THE

### FEDERAL FAIR DEBT COLLECTIONS PRACTICES ACT

53. The acts of Gary Ridge included but are not limited

to the violation of the following provisions of the FDCPA:

a. 15 U.S.C. 1692d by engaging in harassing or abusive conduct.

b. 15 U.S.C. 1692e by engaging in false or misleading representations.

c. 15 U.S.C. 1692f by using unfair practices or unconscionable means to collect or attempt to collect any debt.

d. 15 U.S.C. 1692i by bringing suit in Seminole County.

### COUNT 7

### JOHN DOE #1'S VIOLATION OF THE

### FLORIDA CONSUMER COLLECTIONS PRACTICES ACT

54. The acts of John Doe #1, included but are not limited to the violation of the following provisions of the FCCPA:

a. 559.72(7) by willfully engaging in conduct that could reasonably be expected to abuse or harass the debtor or any member of her or his family.

b. 559.72(9) by claiming, attempt, or threaten to enforce a debt when such person knows that the debt is not

legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

## COUNT 8

## JOHN DOE #1'S VIOLATION OF THE

## FEDERAL FAIR DEBT COLLECTIONS PRACTICES ACT

55. The acts of John Doe #1 included but are not limited to the violation of the following provisions of the FDCPA:

    a.   15 U.S.C. 1692d by engaging in harassing or abusive conduct.

    b.   15 U.S.C. 1692e by engaging in false or misleading representations.

    c.   15 U.S.C. 1692f by using unfair practices or unconscionable means to collect or attempt to collect any debt.

    d.   15 U.S.C. 1692i by bringing suit in Seminole County.

**WHEREFORE**, Plaintiff, Kimberly A. Winkler Delaney, an individual, requests judgment be entered in her favor against defendants, Cach, LLC, a foreign limited liability company, Law Offices of Harold E. Scherr, P.A., a Florida Professional Association, and Gary Ridge, individually, and John Doe #1 as follows:

    A. Statutory damages pursuant to the FDCPA against Cach, LLC., of $1,000.

    B. Statutory damages pursuant to the FCCPA against Cach, LLC of $1,000.

    C. Statutory damages pursuant to the FDCPA against Law Offices of Harold E. Scherr, P.A. of $1,000.

    D. Statutory damages pursuant to the FCCPA against Law Offices of Harold E. Scherr, P.A. of $1,000.

    E. Statutory damages pursuant to the FDCPA against John Doe #1, of $1,000.

    F. Statutory damages pursuant to the FCCPA against John Doe #1 of $1,000.

    G. Statutory damages pursuant to the FCCPA against Gary Ridge of $1,000.

    H. Statutory damages pursuant to the FDCPA against

Gary Ridge of $1,000.

I. Actual Damages under the FDCPA and FCCPA against all defendants jointly and severally.

J. Punitive damages against all defendants jointly and severally under the FCCPA.

K. An award of costs and attorney's fees under the FCCPA and FDCPA.

L. Such other and further relief as the court may deem just and equitable

### DEMAND FOR JURY TRIAL

Plaintiff, Kimberly A. Winkler Delaney demands a trial by jury of issues so triable.

/s/Frederick W. Vollrath
Frederick W. Vollrath, Esq.
Law Office of
Frederick W. Vollrath
FBN: 165-812
307 South Fielding Avenue
Suite 2
Tampa, Florida, 33606
813-335-4379
fredvollrath@aol.com
Counsel for Plaintiff