UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIMBERLY A. WINKLER,

    Plaintiff,

v.                                                Case No.  8:11-cv-2358-T-24 AEP

CACH, LLC, ET AL.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on Plaintiff's Motion for Attorney Fees and Costs. (Doc. No. 25).  Defendants oppose the motion.  (Doc. No. 26).  As explained below, the motion is granted in part.

**I.  Background**

On October 18, 2011, Plaintiff filed this Fair Debt Collection Practices Act ("FDCPA") and Florida Consumer Collection Practices Act ("FCCPA") lawsuit against Defendants. Defendants answered the complaint and the parties engaged in discovery.  The parties settled this case at mediation, although they were not able to agree on the appropriate amount of attorney's fees to be awarded to Plaintiff's counsel.  As a result, Plaintiff filed the instant motion for attorney's fees and costs, and Defendants object to the amount being sought for attorney's fees but agrees to an award of $425 in costs.

**II.  Motion for Attorney's Fees**

In the instant motion, Plaintiff seeks $28,647.50 in attorney's fees.  Before awarding attorney's fees, the Court must determine if the amount requested is reasonable.

The starting point in determining reasonable attorney's fees is the lodestar, which is

properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)(citation omitted). Furthermore, "[t]he fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Id. at 1303 (citation omitted).

A reasonable hourly rate is based upon "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id. at 1299 (citations omitted). An applicant may meet its burden of establishing a reasonably hourly rate by setting forth direct evidence of rates charged under similar circumstances or submitting opinion evidence of reasonable rates. See id. In addition, the Court may use its own expertise and judgment to make an appropriate independent assessment of the reasonable value of an attorney's services. See id. at 1304. In calculating what hours were reasonably expended on litigation, the court should exclude excessive, unnecessary, and redundant hours, and it should also exclude any time spent litigating discrete and unsuccessful claims. See id. at 1301, 1302 (citation omitted).

Plaintiff's request for attorney's fees is based upon her attorney performing 81.85 hours of work on this case at a rate of $350 per hour. Upon review, the Court finds that based on its own expertise and judgment, Plaintiff's counsel's hourly rate must be reduced to $300 per hour in order to reflect the prevailing market rate in the relevant legal community for similar services by lawyers and paralegals of reasonably comparable skills, experience, and reputation. See Hannon v. Cach, LLC, 8:11-cv-1629-T-AEP (M.D. Fla. May 24, 2012)(finding that the same

attorney's hourly rate should be reduced to $300 for his work on a FDCPA and FCCPA case).[1]

With respect to the amount of time expended on this case, the Court concludes that the following billing entries contain hours in excess of what was reasonable:

| Date | Description of Work | Time Claimed | Reduction for Excessive Time | Reasonable Hours |
|---|---|---|---|---|
| 9/18/11 | interview with client | 3.5 | -.5 | 3 |
| 9/2711 - 9/29/11 | drafting the complaint | 14.1 | -6.1 | 8 |
| 12/19/11 | read and review answers and affirmative defenses; reply to affirmative defenses; prepare case management report; certificate of interested persons; Rule 26 discovery | 3.3 | -1.3 | 2 |
| 2/8/12 | prepare set of interrogatories to Defendants and Request for Production | 4.3 | -1.3 | 3 |
| 3/29/12 | go over Defendants' discovery with client; Request for Production | 5 | -2 | 3 |
| | **TOTAL REDUCTION** | | -11.2 | |

Accordingly, the Court concludes that the amount of hours that were reasonably expended on litigation is 70.65 hours at a rate of $300 per hour. Thus, Plaintiff's counsel is awarded $21,195.00 in attorney's fees.

---

[1] A copy of the <u>Hannon</u> case is filed at Doc. No. 26-1 in this case.

3

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Attorney Fees and Costs (Doc. No. 25) is **GRANTED TO THE EXTENT THAT** Plaintiff is awarded $21,195.00 in attorneys' fees and $425 in costs.

**DONE AND ORDERED** at Tampa, Florida, this 2nd day of July, 2012.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record